**BUCK, BOHM & STEIN, P.C., Respondent,**

v.

**David Potter DUFF, Appellant.**

**No. WD 38901.**

Missouri Court of Appeals,
Western District.

Aug. 11, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 29 and October 27, 1987.

Thomas R. Bellman, Kansas City, for appellant.

James M. Mc Neile, Sonya S. Arvanitakis, Kansas City, for respondent.

Before TURNAGE, P.J., and BERREY and GAITAN, JJ.

PER CURIAM:

This appeal arises from an action on account that was initiated by Buck, Bohm & Stein, P.C., a Missouri law firm. Duff, an Illinois attorney, had engaged the firm's services to collect a $4,000 Illinois judgment which had been entered against a Missouri resident. The work was to be done on a 25% contingency fee basis but after the judgment debtor satisfied the judgment by paying him directly, Duff took the position that the firm's efforts had not effectuated the collection and that it was not entitled to the 25% fee. The trial court found in favor of the firm, awarding damages in the amount of $1,188.10. Duff appeals, challenging the sufficiency of the evidence and the court's implementation of discovery sanctions.

The judgment is affirmed.

An abbreviated statement of facts follows. After accepting the February, 1983, Illinois judgment for collection, the firm filed a petition for registration of foreign judgment requesting, in addition to the $4,000 judgment amount, $752.40 in accrued interest and costs. The petition and an order of garnishment were filed on November 15, 1984. Duff was informed by a letter dated November 8, 1984, that the garnishment was being issued.

On January 10, 1985, the judgment debtor was served with a summons and a copy of the petition. He was also, on that date, erroneously served with the order of garnishment which should have been served upon his employer. The judgment debtor then proceeded to pay Duff personally the $4,752.40 requested in the petition, receiving a release and satisfaction of judgment dated February 2, 1985.

The sheriff who had erred in serving the order of garnishment subsequently learned of his mistake and sought to correct it by re-serving the garnishment on the employer on March 25, 1985. This resulted in the firm's notification, the next day by an attorney representing the judgment debtor, of the fact that the judgment had been satisfied. Accordingly, the firm withdrew the wrongful garnishment and billed appellant for $1,188.10, 25% of the amount re-

quested in the petition for registration of foreign judgment and paid by the judgment debtor. As stated, Duff took the position that the firm was not responsible for the payment and thus not entitled to its contingency fee.

The firm initiated legal proceedings in a division of the associate circuit court to collect its fee. Duff, acting *pro se*, filed a limited appearance and a motion to dismiss for lack of jurisdiction. Without ruling on the motion, the court entered a default judgment against him. The default judgment was ultimately set aside and after a trial, at which Duff was represented by counsel but did not personally appear, he again suffered an adverse verdict. Upon his application, the matter was set for trial de novo in the circuit court and a jury trial was ordered at his request.

On September 12, 1986, Duff was sent a deposition notice requesting his presence at respondent's Kansas City office on September 26. On September 25, he filed a motion for a protective order pursuant to Rule 56.01(c). He did not request a ruling on the motion prior to the time of the scheduled deposition. When he failed to appear for the deposition, the firm caused a record to be made and incurred $42.50 in reporting costs. Pursuant to a subsequent motion for sanctions for Duff's failure to appear for his own deposition, the court on November 3, 1986, after overruling his motion for a protective order and for dismissal, ordered the reporter's fee taxed against Duff and further ordered him to appear for a deposition in Kansas City on November 5, before the November 6 trial date. When he again failed to appear, the court found him to be in violation of its previous order and, as a sanction, ordered that he be prohibited from introducing any evidence at trial in support of his claims or defenses. This order was entered on November 6 prior to the trial—another proceeding where Duff appeared only through the representation of counsel.

Duff now asserts by his first point on appeal, that the trial court erred in failing to grant a directed verdict or judgment notwithstanding the verdict because there was insufficient evidence to support the verdict. Specifically, he contends there was insufficient evidence that the firm's actions were responsible for payment of the judgment and asserts that any such proof of causation was speculative at best. Continuing in the same vein with his second point, Duff maintains that the contingent fee award was improper in that the firm failed to create a "res" from which to award such fee. In that the resolution of both points depends on the impetus for the debtor's payment of the judgment, they will be considered together.

In resolving the issues involved in this appeal, this court applies the standard of review set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Therefore, the judgment must be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence or it erroneously declares or applies the law. In determining the sufficiency of the supporting evidence, it is clear that the court considers the circumstantial evidence in the case in addition to the direct evidence. Indeed, a case may be established by circumstantial evidence alone. *Schneider v. Prentzler*, 391 S.W.2d 307, 309–10 (Mo. 1965). Where a finding essential to recovery is based upon circumstantial evidence, the shown circumstances must be such that the facts necessary to support the findings may be inferred and reasonably must follow; the existence of such facts may not depend upon guesswork, conjecture or speculation but rather the evidence must tend to exclude every reasonable conclusion other than that sought. *Stark v. American Bakeries Co.*, 647 S.W.2d 119, 125 (Mo. banc 1983). That is not to say, however, that the circumstantial evidence must have the quality of absolute certainty —it is enough if it affords a substantial and sufficient basis for deductive reasoning. *McCarthy v. Wulff*, 452 S.W.2d 164, 168 (Mo.1970).

In the case at bar, the judgment debtor had shown no inclination prior to February, 1985, to voluntarily satisfy the February, 1983, judgment. Before ultimately turning the matter over to the firm

in August, 1984, Duff had been unable to effectuate collection through his own efforts. Yet within a month of service of the registration of foreign judgment and the order of garnishment, the judgment, including the $752.40 in accrued interest and costs prayed for in the petition of registration filed by the firm although not in the underlying judgment itself, was satisfied in full. These circumstances, particularly the amount and timing of the payment, are sufficient under the standards outlined above to establish that the firm's efforts were directly responsible for the payment. The fact that payment was made directly to Duff rather than passed on to him following payment to the firm may not be used to circumvent the firm's entitlement to the contingent fee where the facts have established that collection was accomplished through its efforts. Duff's first two points are denied.

He next complains that the court's imposition, following his non-appearance at the second deposition, of the sanction barring his presentation of any evidence at trial constituted an abuse of discretion warranting a new trial. The sanction was imposed following Duff's violation of the court's order issued November 3, 1986, that he appear to be deposed two days later.

Duff contends that the order requiring him, an Illinois resident, to appear in Kansas City on only two days notice and before his jurisdictional challenge had been decided was unreasonable. Thus he argues that he could not be properly sanctioned for violating an order that was an unreasonable exercise by the court.

Rule 57.03(b) generally requires seven days notice of the taking of a deposition, but it provides that the court may shorten the time for cause shown. Duff's allegation that there was no such showing in the case at bar is clearly refuted by the fact that the matter was set for trial in three days. Additionally, his claims that the ordered appearance would have subjected his jurisdictional argument to waiver in that the court had not yet ruled on it and subjected himself to service in a separate matter are without merit. First, contrary to Duff's assertion, the court did rule on his jurisdictional challenge prior to ordering his deposition appearance, and second, the possibility of his being served in a separate matter is totally irrelevant. And finally, the contention that prejudice necessary to support the imposition of sanctions was lacking in this case is also without merit. Aside from the fact that Duff blatantly disobeyed a court order, his failure to appear deprived the firm of its right to discovery and forced it to proceed to court, in a matter which had originally been set for a jury trial at Duff's request, without the benefit of deposing its opposing party. The sanction was appropriate.

Finally, the firm has filed a motion for damages for frivolous appeal which has been taken with the case. Although the motion has received serious consideration, it is denied.

Judgment affirmed.